CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RKu

MAR 3 1 2009

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

**DWIGHT LEWIS,**
      Petitioner,

Civil Action No. 7:08-cv-00568

**MEMORANDUM OPINION**

v.

By:    **Hon. Jackson L. Kiser**
          **Senior United States District Judge**

**JUDGE WILLIAM ALEXANDER, II, et al.,**
      Respondents.

Petitioner Dwight Lewis, a Virginia inmate proceeding pro se, brings this action as a motion for a writ of mandamus against a state judge and prosecutor. The petitioner challenges the validity of his confinement under the judgment of the Pittsylvania County Circuit Court. Therefore, the court liberally construed his motion as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The court conditionally filed the motion and directed the petitioner to return to the court a completed Petition for Relief from a Conviction or Sentence By a Person in State Custody (Petition under 28 U.S.C. § 2254 for a writ of habeas corpus).[1]

The petitioner responded with a motion to stay his case while he proceeded to file a habeas petition in state court. The petitioner stated in his motion that he had not yet exhausted his state remedies. I denied the motion to stay, and the twenty-day period for the petitioner to comply with the conditional filing order entered on February 18, 2009, has expired.

Upon consideration of the motion, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief. A federal

---

[1] The court enclosed a copy of the form for the petitioner's convenience.

court may not issue a writ of mandamus to a state official. See Moye v. Clerk, DeKalb Co. Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (holding that federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner). Furthermore, under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row felon can exhaust the state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him/her. Second, the inmate can attack the conviction collaterally by filing a state habeas petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §§ 8.01-654(A)(1); 17.1-411. Finally, the inmate can exhaust the remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that the inmate ultimately must present his/her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petitioner admitted that he has not presented the claims to the Supreme Court of Virginia as required. Petitioner's failure to exhaust the state remedies mandates summary

2

dismissal of the petition by this court.[2] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This ___31st___ day of March, 2009.

_Jackson L. Kiser_
Senior United States District Judge

---

[2] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).

3